UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

PATRICK JOE BRIDWELL,           )
                                )
    Petitioner,                  )
                                )
v.                              )    CV422-018
                                )
TIMOTHY C. WARD, Commissioner,  )
Georgia Department of Corrections, )
                                )
    Respondent.                  )

## ORDER

Patrick Joe Bridwell seeks relief from his state conviction and sentence pursuant to 28 U.S.C. § 2254. *See* doc. 1; *see also* doc. 4 at 9-30.[1] His petition reveals that he is incarcerated at Coffee County Correctional Facility. *See* doc. 4 at 9; *see also* doc. 1 at 3. It further reveals that he was convicted in Newton County, Georgia. Doc. 4 at 9;

---

[1] Bridwell's initial filing is a handwritten document captioned "Notice of Filing Federal Habeas Corpus and Request for Additional Time to File." *See generally* doc. 1. Bridwell subsequently submitted a petition prepared using the standard form. *See* doc. 4 at 9-30. The information relevant to the instant Order is consistent in both documents. The Court has, therefore, cited to both. That citation should not be construed as implying any finding concerning the sufficiency of the original filing to initiate a § 2254 proceeding.

1

*see also* doc. 1 at 2. This Court is, therefore, not the proper forum for his petition.

Federal law allows § 2254 petitions to be filed in the district within which the petitioner was convicted or in the district within which he is confined.[2] 28 U.S.C. § 2241(d); *Wright v. Indiana*, 263 F. App'x 794, 795 (11th Cir. 2008). Thus, this Court has jurisdiction over the petition. Nevertheless, it is a longstanding judicial policy and practice to funnel such petitions into the district within which the state prisoner was convicted, since that will be the most convenient forum. *Eagle v. Linahan,* 279 F.3d 926, 933 n. 9 (11th Cir. 2001); *see also Mitchell v. Henderson,* 432 F.2d 435, 436 (5th Cir. 1970); *Wright,* 263 F. App'x at 795. That practice also fosters an equitable distribution of habeas cases between the districts. Newton County lies in the Northern District of Georgia. *See* 28 U.S.C. § 90(a)(2). Accordingly, this case is **TRANSFERRED** to the United States District Court for the Northern District of Georgia for all further proceedings. *See* 28 U.S.C. § 1404(a)

---

[2] Coffee County Correctional Facility lies in this Court's Waycross Division. *See* 28 U.S.C. § 90(c)(4). Since this Order transfers the case to the Northern District of Georgia, whether it was filed in the proper division within the Southern District is moot.

(permitting a district court to transfer any civil action to another district or division where it may have been brought for the convenience of parties and witnesses and in the interest of justice); *Rufus v. Kemp*, 2013 WL 2659983 at * 1 (S.D. Ga. June 12, 2013).

**SO ORDERED,** this 24th day of February, 2022.

*/s/ Christopher L. Ray*
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia